UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALUCIOUS QUINTE KIZER,<br><br>   Plaintiff,<br><br>   v.<br><br>RON NEAL, et al.,<br><br>   Defendants. | CAUSE NO. 3:25-CV-508-GSL-APR |

OPINION AND ORDER

Alucious Quinte Kizer, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Kizer is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Kizer is an inmate at Indiana State Prison (ISP). He claims that between October 2024 and December 2024, there were multiple lockdowns in his cellhouse lasting from a few days to a few weeks. During the lockdowns, his only drinking water was from a

"toilet/sink spigot" in his cell. He claims the water coming out of this spigot is "light brown and greyish in color" and "smells of sewage and feces." He and other inmates usually get filtered water from a nearby drinking fountain, but during the lockdowns they could not leave their cells to go to the fountain. Therefore, the dirty water from the spigot was his only option.

He further claims it is well-known that the water in his cellhouse is unsafe, and Warden Ron Neal and Assistant Warden Dawn Buss allegedly told prison staff not to drink it. He claims these high-ranking officials knew he had no access to clean drinking water during the lockdowns but did nothing to remedy the problem. He further claims he asked Officer Naz (first name unknown) for clean drinking water several times during the lockdowns but the officer did nothing to help him. He sues Warden Neal, Deputy Warden Buss, and Officer Naz for money damages and other relief.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that the act or omission of a staff member resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (citation and internal quote marks omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was

2

at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.* (citation and internal quote marks omitted).

Kizer satisfies the objective prong because the Eighth Amendment entitles inmates to adequate drinking water. *Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). He claims the only water he had during lockdowns was visibly dirty and smelled of sewage. On the subjective prong, he claims the Defendants were personally aware of the problems with the water in his cell but did nothing to provide him with clean drinking water during lockdowns. He has alleged enough to proceed on a claim for damages against the Defendants under the Eighth Amendment.

His complaint can also be read to allege that he needs permanent injunctive relief to obtain clean drinking water during lockdowns, which occur with some frequency in his unit. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief to ensure he is provided with clean drinking water.

He also invokes the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f *et seq.*, which was enacted to "establish uniform standards for public water systems and to reduce contamination in drinking water." *Alatorre v. Holcomb*, No. 1:23-CV-00282-JPH-

3

KMB, 2023 WL 3173899, at *3 (S.D. Ind. May 1, 2023). "There is no private right of action for damages arising from a violation of the SDWA." *Alatorre*, 2023 WL 3173899, at *3 (citation omitted). Therefore, Kizer cannot pursue a claim for damages under the SWDA. A private party may seek injunctive relief under the SDWA in certain circumstances, but there are multiple notice requirements that must be complied with before a suit can be brought. 42 U.S.C. § 300j–8(a)-(e). There is no indication from the complaint that Kizer followed the complex notice procedures contained in the Act to pursue a claim for injunctive relief. Furthermore, he was already granted leave to proceed on a claim for injunctive relief related to his need for clean drinking water. Another claim directed at this same relief is unnecessary.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) in their personal capacity for money damages for failing to provide him with clean drinking water during lockdowns between October 2024 and December 2024 in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for clean drinking water during lockdowns as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 28, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

5