UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALUCIOUS QUINTE KIZER,

Plaintiff,

v.

CAUSE NO. 3:25-CV-508-GSL-APR

RON NEAL, et al.,

Defendants.

OPINION AND ORDER

Alucious Qiunte Kizer, a prisoner without a lawyer, is proceeding in this case on

two claims: (1) "against Warden Ron Neal, Deputy Warden Dawn Buss, and Officer

Naz (first name unknown) in their personal capacity for money damages for failing to

provide him with adequate drinking water during lockdowns occurring between

October 2024 and December 2024 in violation of the Eighth Amendment;" and

(2) "against Warden Ron Neal in his official capacity for permanent injunctive relief

related to his need for adequate drinking water during lockdowns as required by the

Eighth Amendment[.]" ECF 7 at 4. The defendants filed a motion for summary

judgment, arguing Kizer did not exhaust his available administrative remedies before

filing this lawsuit. ECF 20. Kizer filed a response, and the defendants filed a reply. ECF

25, 26. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is

2

not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison and available to Kizer. ECF 20-1 at 2, 5. The Offender Grievance Process required Kizer to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 20-2 at 3. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 20-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

The Grievance Specialist attests that Kizer's grievance records show he never submitted any grievance complaining of inadequate drinking water before he filed this lawsuit. ECF 20-1 at 5-6. Specifically, his grievance records show he did not submit any grievances during the relevant timeframe, and never submitted any grievance at any time pertaining to his drinking water. *Id.*

In response, Kizer attests to the following facts: On October 3, 2024, he submitted a grievance complaining his drinking water was inadequate, but he never received any receipt or response from the grievance office. ECF 25 at 3. On October 28, 2024, Kizer completed a new grievance complaining of inadequate drinking water and gave it to a counselor, but he again received no receipt or response from the grievance office. *Id*. He provides a copy of an emergency grievance dated October 28, 2024, which states: "I told Officer Naz that I had not had safe drinking water for a prolonged period of time, still Officer Naz did not accommodate me with safe drinking water." ECF 2-1 at 2. The Grievance Specialist attests this grievance does not appear anywhere in Kizer's grievance history file. ECF 20-1 at 6. Kizer further attests that, after he received no receipt or response to his October 28 grievance, he submitted a "Request for Interview" form to the Grievance Specialist on November 20, 2024, which states: "I filed an emergency grievance on 10-28-24, the MCF grievance specialist prevented me from appealing by failing to respond or take any action on my respective emergency grievance." ECF 25 at 3-4; ECF 2-1 at 1. The Grievance Specialist attests he has no record of Kizer ever submitting this written notification to the grievance office. ECF 20-1 at 6.

4

As discussed above, an inmate who submits a grievance and does not receive a receipt or response from the grievance office within ten business days must "notify the Offender Grievance Specialist of that fact" and retain a copy of the notice. ECF 20-2 at 9. It is well established that this "notice requirement" is a necessary step to exhaust a grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance); *Ridley v. Neal*, No. 3:24-cv-32-PPS-JEM, 2024 WL 1113401, at *3-4 (N.D. Ind. Apr. 14, 2025) (concluding the "notice requirement" applies to Emergency Grievances in the same manner as it applies to normal grievances.).

Kizer provides no evidence he complied with the "notice requirement" with regard to his October 3 grievance. The record therefore shows Kizer had administrative remedies available to him with regard to his October 3 grievance which he did not exhaust before he filed this lawsuit. Kizer does, however, provide evidence he complied with the "notice requirement" with regard to his October 28 grievance, as he attests and provides evidence he sent a "Request for Interview" form to the Grievance Specialist notifying him of the lack of response to his October 28 grievance. ECF 2-1 at 1.

Here, the only question before this court is whether Kizer did in fact submit his (1) October 28 grievance form and (2) November 20 "Request for Interview" form to the

grievance office. If Kizer *did* submit both of these documents to the grievance office, he exhausted all administrative remedies that were available to him, and the grievance office made any further remedy unavailable by failing to respond to these documents. But if Kizer *did not* submit one or both of these documents to the grievance office, then he still had administrative remedies that were available to him at the time he filed this lawsuit. *See Lockett*, 937 F.3d at 1027.

Kizer attests he submitted his October 28 grievance form and November 20 "Request for Interview" form to the grievance office. The Grievance Specialist attests the grievance office never received either of these documents. There is thus a disputed material fact regarding whether Kizer in fact submitted these forms to the grievance office. If Kizer is credible, and he submitted both of these documents to the grievance office, the defendants' motion for summary judgment will be denied. If Kizer is not credible, and he did not submit one or both of these documents to the grievance office, then the defendants' motion for summary judgment will be granted. Resolving this credibility dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Lastly, the court notes that plaintiffs in two other pending lawsuits – *Mackey v. Neal*, No. 3:25-CV-430, and *Holt-Spencer v. Neal*, No. 3:25-CV-202 – have raised identical arguments to Kizer. In both of these lawsuits, the plaintiffs provide the exact same grievance and "Request for Interview" form, in the exact same handwriting, as the forms Kizer provides and attests that he "completed" himself. The plaintiff in *Holt-Spencer* also submitted an affidavit that is nearly identical to the one submitted by Kizer,

with both plaintiffs attesting under penalty of perjury to the exact same set of facts. Because the credibility dispute at issue in this case is related to the disputes in *Mackey v. Neal*, No. 3:25-CV-430, and *Holt-Spencer v. Neal*, No. 3:25-cv-202, the *Pavey* hearing held in this case will be scheduled and held in conjunction with the *Pavey* hearing held in those lawsuits.

For these reasons, the court REFERS this case to Magistrate Judge Scott J. Frankel to conduct an evidentiary hearing and to prepare a report and recommendation.

SO ORDERED on July 21, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT